IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Latasha S. Calloway aka Latasha Shereece Calloway aka Latasha Calloway<br>    Debtor(s) | CHAPTER 13 |
| Lakeview Loan Servicing, LLC<br>    Secured Creditor<br>vs. | NO. 20-00681 RNO |
| Latasha S. Calloway aka Latasha Shereece Calloway aka Latasha Calloway<br>    Debtor(s) | 11 U.S.C. Section 362 |
| Charles J. DeHart, III Esq.<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Order entered on August 17, 2020 is hereby vacated, and the automatic stay as to Secured Creditor is hereby reinstated.

2. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$12,139.00,** which breaks down as follows;

Post-Petition Payments:      July 2020 through November 2020 at $2,135.60/month
Fees & Costs Relating to Motions: $1,461.00
**Total Post-Petition Arrears    $12,139.00**

3. The Debtor shall cure said arrearages in the following manner;

    a)    Within fifteen (15) days of the filing of this Stipulation, Debtor(s) shall tender a down payment of **$6,408.00.**

    b)    Beginning December 1, 2020 and continuing through May 2021, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$2,135.60** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of

each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$955.17** for December 2020 through April 2021 and **$955.15** for May 2021 towards the arrearages on or before the last day of each month at the address below:

M&T Bank<br>
PO Box 840<br>
Buffalo, NY 14240

    c) Maintenance of current monthly mortgage payments to the Movant thereafter.

  4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

  5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, the Secured Creditor shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay.

  6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

  7. If the case is converted to Chapter 7, the Secured Creditor shall file a Certification of Default with the court and the court shall enter an order granting the Secured Creditor relief from the automatic stay.

  8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The undersigned seeks court approval of this stipulation.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 19, 2020

**/s/ Rebecca A. Solarz, Esquire**
Rebecca A. Solarz, Esquire
Attorney for Secured Creditor

Date: 12/9/2020

Tullio DeLuca Esq.
Attorney for Debtor(s)

Date: **12/16/2020**

Agatha McHale, Esq.

Charles J. DeHart, III Esq.
Chapter 13 Trustee
**Attorney for Trustee**